Ruffin, C. J.
 

 There was an ademption of §200 of the money legacy by the collection and expenditure of that sum by the testator. There is an implied gift of the residue of the money to the testator’s w'ife, if she should need it; and, as the cause is heard on the bill and answer, and the defendant states expressly that it was applied to her necessary support, the whole of that fund is exhausted, and the plaintiff can have no relief in respect thereof.— But as to the residue of his demand, the Court holds, that he is entitled. Even if the negro had been liable to the execution, the sale of him was void, as he was not present.
 
 Blanton
 
 v.
 
 Morson,
 
 7 Ire. Eq. 37. But in truth the plaintiff had in neither the negro nor the land such an estate, as could be taken on attachment or execution. For, although the language in the first part of the clause imports a gift of the land, negroes, and other property to the four sons in remainder, yet the latter part clearly shows that •the things themselves are not given to them, but only the proceeds of them in money after a sale by the executor. For a sale of all is expressly directed, and, as no one else is appointed to make it, the duty devolves necessarily upon the executor — the more especially as the funeral expenses and debts are charged upon the fund arising from the sale. The assent of the executor to the life estate can have no effect even upon the slave, since the executor had a trust to perform in respect of him after the death of the tenant for life, and therefore the property remained in the executor and was not subject to attachment against the
 
 ceslui que trust, Dunwoodie
 
 v.
 
 Carrington, 2
 
 Law Rep. 469.
 
 Elliott
 
 v.
 
 Newby, 2
 
 Hawks 21. So, in respect of the land, if it be admitted that the legal estate descended, or passed to the four sons as devisees, yet it was vested in the hei-rs-er the devisees, subject to the power of the
 
 *73
 
 executor to sell, and it was divested by the exercise of the power of the executor in making the sale ; which he was not only at liberty, but obliged, to do, in execution of the trust in favor of the testator’s creditors and the other sons. It results that the right of the plaintiff to a share of the proceeds of. the sales made by the executor continues unimpaired, and that the defendant is-bound to account and pay him what may be. found due, subject to the deduction the plaintiff submits to allow. There must be the usual enquiry, and the defendant must pay the costs up to the hearing.
 

 Ter Curiam. Decree accordingly.